(No. 76-CC-2315— )

ELMORE JORDAN, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 30, 1977.*

POLOS, C.J.

This is a claim brought by Elmore Jordan, an inmate of Stateville Correctional Center, for the conversion of a radio of the alleged value of $125.00.

At the hearing of this cause, Claimant established by a preponderance of the evidence that on February 9, 1976, prison authorities conducted a shakedown inspection of the cells in Claimant's cell block. While the inmates stood on the "flag" or floor of the cell block, guards searched the tiers of cells for contraband items. From where he was standing on the flag, Claimant could watch the search conducted in his cell on the third tier. At the conclusion of the search, as Claimant was walking up the stairs to his cell, he met the guard who had searched his cell coming down stairs with Claimant's radio in his arms — an AM/FM Panasonic Radio & Eight Track Player. He asked the guard to give him his radio. The guard replied that Claimant could have his radio if he could produce a permit for it. Claimant told the guard he had a permit. He ran upstairs to his cell to get the permit, but the cell was in disorder because of the search, and a short time elapsed before he could find the permit. The permit was introduced into evidence by Claimant. While Claimant was looking for his permit the guards were putting the items taken from the cells onto wagons to be hauled from the

cell block. By the time Claimant ran back downstairs to the flag, his radio had already been hauled out of the building on one of the wagons. He met a Lieutenant, showed him his permit, and the Lieutenant assured him that his radio would be returned to him. However, the radio has never been located.

The radio had been purchased from the Goldblatt Department Store, Joliet, Illinois, on April 9, 1975, for $139.45. It was in good working order on the date of the loss. The Court finds that the value of the radio on February 9, 1976, was $100.00.

Claimant's case is dissimilar to the class of cases where an inmate, being transferred from one institution to another, surrenders his personal property to prison authorities so that it can be transferred from the old institution to the new. In such cases there is a type of bailment, and proof of negligence on the part of the bailee is part of Claimant's case.

The facts in this case establish an outright conversion of plaintiff's property. Claimant had a permit to have the radio in his cell. By taking it from him and then failing to return it, Respondent was guilty of a conversion of his property:

"The gist of a conversion has been declared to be not the acquisition of the property by the wrongdoer, but the wrongful deprivation of a person of property to the possession of which he is entitled. A conversion consists of an act in derogation of the plaintiff's possessory rights, and any wrongful exercise or assumption of authority over another's goods, depriving him of the possession, permanently or for an indefinite time, is a conversion." *53 Am. Jur. Trover and Conversion 822.*

Respondent acknowledged its liability to Claimant for the conversion of his radio in two interoffice memorandums prepared by officials at Stateville, which were introduced into evidence.

One such memorandum from Robert J. Kapture,

Assistant Warden-Operations to Elmer Maxwell, Personal Property Control Officer; stated in part:

"Please provide me with an estimate of the approximate value of the above named resident's Panasonic eight-track tape player. We will have to replace it."

The second memorandum, from Marvin Reed, Chief of Advocacy Services, to Ernest E. Morris, Warden, Stateville Correctional Center; provided in part:

"During an interview with Mr. Jordan, he expressed concern about the replacement of his radio, which was confiscated during a shakedown of his cell. At the time the resident was advised to produce a permit for same and the property would be returned. Upon complying with the officer's request his radio could not be located."

"Attached are memorandums which clearly indicate the responsibility for the loss rests with the institution . . . ."

It is therefore ordered that Claimant be awarded the sum of $100.00.