(No. 76-CC-0093—

LONNIE ARSBERY, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 12, 1978.*

POLOS, C.J.

Claimant, Lonnie Arsberry, an inmate of Stateville Correctional Center has brought this action to recover for damage done to his personal property at the Stateville Correctional Center, Joliet, Illinois.

On April 22, 1975, Claimant was a prisoner at Joliet Penitentiary dormitoried in the west cellhouse. He had in his cell an FM/AM Stereo with Eight Track Tape Player and two speakers, Panasonic model (RE—8134), in working order.

A riot had occurred in the cellhouse rendering the cellhouse uninhabitable, and at approximately 9:30 p.m. on April 22, 1975, all of the prisoners, including Claimant, were evacuated from the cellhouse and transferred to other locations within the institution.

Claimant testified that when he was handcuffed and taken from his cell his stereo was playing and in working order. This was corroborated by a written statement from one Officer Sims and addressed to a Captain Zuck, which was introduced into evidence.

Thereafter no inmates were left in the cellhouse and it was under the exclusive control of Respondent, while a work crew was brought in to make it liveable again.

About three days after the evacuation Claimant's stereo was brought to him by one Lt. Jenkins. It had been extensively damaged during the three day interval. Both the speakers and the headphones had been broken, and it did not operate. It was stipulated by Respondent that Claimant paid $137.05 to have his stereo repaired.

While a bailment is ordinarily a voluntary, contractual transaction between bailor and bailee, various types of constructive and involuntary bailments have

been recognized.

"A constructive bailment can be created between an owner of the property and one in possession thereof." 4A Illinois Law and Practice 550, Bailments, citing *Chesterfield Sewer & Water, Inc., v. Citizens Insurance Co. of New Jersey, et al., 57 Ill. App. 2d, 90, 207 NE2d 84.*

In *Chesterfield,* the Court quoted the following language from *Woodson v. Hare, 244 Ala. 301, 1350 2d 172, at 174:*

"An actual contract or one implied in fact is not always necessary to create a bailment. Where, otherwise than by mutual contract of bailment, one person has lawfully acquired the possession of personal property of another and holds it under circumstances whereby he ought, upon principles of justice, to keep it safely and restore it or deliver it to the owner, such person and the owner of the property are, by operation of law generally treated as bailee and bailor under a contract of bailment, irrespective of whether or not there has been any mutual assent, express or implied, to such relationship." *Woodson v. Hare, 244 Ala. 301, 13 So2d 172 at page 174.*

When Respondent removed the prisoners from Claimant's cellblock, it took exclusive possession of all property contained therein.

The loss of damage to bailed property while in the possession of the bailee raises a presumption of negligence which the bailee must rebut by evidence of due care. The effect of this rule is not to shift the ultimate burden of proof from the bailor to the bailee, but simply to shift the burden of proceeding or going forward with the evidence.

At the trial of this cause the State did not present sufficient evidence to overcome Claimant's testimony that his stereo equipment was in working order when it passed into the control of the State. Further the State presented no testimony of its freedom from negligence with respect to the damage incurred. Claimant's prima facie case stands unrebutted.

Claimant is therefore awarded the sum of $137.05.