(No. 77-CC-0601– )

LAWRENCE PACKNETT, Claimant, v. THE STATE OF ILLINOIS,
Respondent.

*Opinion filed July 23, 1979.*

RICHARD J. HABIGER, for Claimant.

WILLIAM J. SCOTT, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

This claim was filed by Claimant as a result of an incident at the Menard Correctional Center in Chester, Illinois.

Claimant was an inmate of said State institution and while an inmate, he authorized his friend to take from the resident dining room of the penitentiary a pair of

shoes to Claimant in the officers' kitchen. While his friend was transporting the shoes, a correctional officer seized the shoes on the ground that they were contrary to institutional standards, the reason being that the shoes had four-inch heels which violated institutional guidelines.

The shoes had a value of approximately $60.00. While the shoes were in the possession of Respondent, they were lost.

Respondent sets forth that the shoes violated the institutional standards and that there was a rule and regulation in effect at the penitentiary which prohibited inmates from loaning articles of clothing to each other.

Claimant argues that he is entitled to summary judgment because of respondent's failure to comply with Rule 2 of the Court of Claims, and Rule 216 of the Illinois Supreme Court. Respondent did not file an answer to request to admit facts within the 28 day time period specified in Rule 216. It is true that Respondent ignored the request for admissions of fact. This Court has in fact entered awards based in part on admissions made by respondent. *Arles v. State of Illinois* (1978), 76-CC-2974.

The request in the present case sought admission to every issue of material fact in Claimant's cause. However, the Court need not reach this issue for the reason that the record as a whole clearly establishes that respondent did assume possession of the Claimant's property and that the property was not returned to Claimant and was lost. A decision in this case is governed by the holding of this Court in *Doubling v. State of Illinois* (1976), 75-CC-833, which held that the State has a duty to safeguard and return property which it has taken from an inmate. See *Arles v. State of Illinois* (1978), 76-CC-2974. The only evidence as to the value of the shoes was

the testimony of the Claimant, which was uncontradicted. The shoes cost Claimant somewhat over $60.00.

Respondent argues that since the shoes were contraband items under the applicable rules of the Menard Correctional Center that the State can have no liability for the loss of the shoes. The State cites cases which hold that the destruction of "contraband" such as guns, slot machines, and other gambling apparatus has been upheld. In such cases, however, the items in question were "contraband" per se and prohibited by State law. We do not believe that items of wearing apparel that are not dangerous or illegal per se can be dealt with under the authority of the State that might be exercised with respect to contraband items such as unlawful weapons and gambling devices.

An award is hereby entered in favor of Claimant in the amount of $60.00.