(No. 80-CC-1134—)

RICHARD BLACK, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed October 22, 1981.*

RICHARD BLACK, *pro se*, for Claimant.

TYRONE C. FAHNER, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

Claimant, an inmate of Stateville Correctional Center,

filed a claim seeking to recover $1,262.29 in damages for the conversion of his personal property by agents of Respondent.

In late February 1979, the population of cell house F, of which Claimant was a resident, was transferred to cell house B-east so that an inspection could be made. Thereafter on March 1, 1979, the cells in F house were searched.

Before going to B house, Claimant and his two cell mates packed all of their property into five boxes. When they returned to their cell, they found the five boxes gone and Claimant's television set would not work.

Claimant admitted that on March 1, 1979, the institution delivered to him a shakedown record form on which were listed the items removed from the cell and for which Claimant has filed this law suit. All of the items, now missing, were listed under the heading, "Contraband or Items in Excess of Authorized Limits."

The form contained the following instructions:

"The above listed personal items in excess of authorized limits or not permitted have been placed in the custody of the Property Control employee. It is your responsibility to advise that employee, in writing, within ten (10) days of return to your cell if you wish to have these items sent home or disposed of."

Claimant did not comply with the above instructions to advise the property control employee whether he wanted the items sent to his home or disposed of.

On March 9, 1979, he wrote a letter to the assistant warden Marie Hall telling her the property was missing.

Claimant takes the position that because he is serving a sentence of 100 years, he has no home other than Stateville and that therefore the provision of the Department of Corrections administrative regulations "Searches for and Control of Contraband," section K, subparagraphs

1-4 should have applied to his case. Under section K, entitled "Disposal of Excess Personal Property Confiscated as Contraband," it states as follows:

"2. Exceptions may be made only in the case of a resident who has no known family or friends; safe storage must then be provided."

Paragraph 4 of the same section states:

"If the resident indicates his intent to grieve (AR 845) the confiscation of excessive authorized personal property, such property shall be secured at the institution until the grievance procedure is completed."

It is Claimant's contention that because of the length of his sentence he should be considered to be without a home other than Stateville. Despite this fact, he did maintain contact with his family in Chicago.

On July 11, 1979, Claimant's grievance was heard and was found to have "no substance." The institutional inquiry board found as follows:

"FINDINGS:

The Board finds that this resident's grievance has no substance.

The basis for this finding is: No records of any claimed items being removed from cell."

It is clear that the property, instead of being secured until the grievance procedure was completed, was dispersed and already unrecoverable as of the date of the grievance hearing.

The evidence discloses that on March 19, 1979, the institution shipped to Claimant's father a carton of books. However, none of these books belonged to Claimant. When Claimant and his two cell mates put their property in the five boxes, their property was intermingled.

The institution, by a memorandum directed to the residents dated March 2, 1979, acknowledged there were complaints concerning the handling of personal property.

None of Claimant's property, including his television

set, has ever been returned to him. Some of his books were put in the institution library.

Respondent, by arbitrarily dispersing Claimant's property before the conclusion of his grievance hearing, violated subparagraph 4, section K, of the Department of Correction's regulations for disposing of excess personal property.

While it is true that Claimant did not comply specifically with the directions contained in the shakedown record form, his letter to assistant warden Hall was in effect the initiation of a grievance. The institution recognized that fact by setting up a special committee to hear grievances from the inmates. There was also no justification to arbitrarily dispose of a resident's property before his complaint was heard.

Claimant's exhibits Nos. 3 and 4 established the purchase of books amounting to $398.65 and a letter from his father, dated April 6, 1978, establishes the delivery to Claimant of relatively expensive sporting equipment. In addition, Claimant's television set, turned over to an agent of respondent for repairs, was never returned to him.

Claimant's claim that he should be awarded $1,117.07 for his property does not allow for depreciation.

It is the opinion of the commissioner hearing this case, after hearing all the evidence in said cause, that damages should be in the amount of seven hundred ($700.00) dollars.

An award is hereby entered in favor of Claimant in the amount of ($700.00) dollars.