(No. 78-CC-0021–

ROMEL WILSON, Claimant, v. THE STATE OF ILLINOIS, Respondent.

*Opinion filed May 10, 1982.*

ROMEL WILSON, *pro se*, for Claimant.

TYRONE C. FAHNER, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

Roe, C.J.

Claimant, an inmate at the State penitentiary in Pontiac, Illinois, brought this claim seeking compensation for the value of a ring allegedly confiscated during a shakedown and never returned to him or sent to an address provided by him or held for him pending release. Attached to Claimant's complaint was a copy of a shakedown receipt showing that a ring was confiscated by an officer named Eslinger. A hearing on the matter was held before a commissioner of this Court.

The record establishes that the ring did come into the exclusive possession and control of Respondent and thus a bailment was created. The burden of showing due care shifted to Respondent. The Respondent could not locate the ring or otherwise provide an indication of its disposition.

It is Respondent's contention that the ring was contraband and as such need not be returned to the owner. This argument was specifically dealt with in *Packnett v. State* (1979), 33 Ill. Ct. Cl. 179, wherein a distinction was drawn between contraband which was so classified because it was dangerous *per se* or presented a health hazard and contraband which was such because Respondent in maintaining an orderly administration of its prison system by regulation prohibited its possession. Therefore, because of the nature of the contraband in this case, it was incumbent upon Respondent to follow its own administrative regulations and send the ring to Claimant's home.

However, we find that the Claimant failed to prove the amount of damages he seeks. By his verified complaint Claimant swore the ring had a value of $350.00. He described it as gold with a ruby set in it and a gold

Moslem emblem mounted on the ruby. However, on pages 24 and 25 of the transcript he states that: (1) he had no idea of the carat weight of the ruby, (2) he never had the ring appraised, (3) he never saw a sales receipt showing purchase price, (4) he did not know where it had been purchased, and (5) he could not say for sure that it was in fact a ruby. All he could say is that a visiting Moslem minister who gave it to him told him it had a value of $250.00 to $260.00. In spite of this alleged worth and being fully aware of the contraband nature of the ring, Claimant chose to keep it in his cell and did not grieve its confiscation until five months later. We have an obvious problem with Claimant's credibility here.

In considering this case, the Court bears in mind the following quotation from Hunter, *Trial Handbook for Illinois Lawyers,* 4th ed., ch. LXXX, section 80:5, p. 815, relating to damages in general:

"Damages are not rendered uncertain because they are uncertain in amount, as distinguished from those which are too uncertain to be recovered because they are not the certain results of the wrong that has been committed."

Based on the foregoing we must place a value on Claimant's loss. We hereby award Claimant the sum of $75.00 (seventy-five and no hundredths dollars) in full satisfaction of any and all claims arising out of this cause of action.