(No. 83-CC-275▮▮▮▮▮▮▮▮▮▮▮▮

KENNETH STEPHENSON, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed January 31, 1985.*

KENNETH STEPHENSON, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (JOHN J. PERCONTI, Assistant Attorney General, of counsel), for Respondent.

RAUCCI, J.

This is a claim for the loss of items of personal property when Claimant was taken from the disciplinary segregation unit at the Menard Correctional Center to the health-care unit of the institution on April 27, 1983.

There is no dispute that the State took possession of Claimant's property and that it was not returned to him. The problem presented by this case is the value to be placed on the lost items.

In the portion of his complaint entitled bill of particulars, Claimant described the items as follows:

"(9) Nine years accumulation of legal files, books and records including but not limited to the following, (4) Illinois Criminal Law and Procedures (1977

to 1980) (5) Illinois Legal Directories, 8 Litigation Manuals, complete records and transcripts of appeals, post-conviction, conviction and approximately six civil actions, including exhibits, all of which was photostatically reproduced for the claimant at cost. Claimant seeks an estimated $850.00 for his losses."

He testified that the four copies of the Illinois Criminal Code were paperbacks, that he had a Black's Legal Dictionary, and four legal directories of the type that are published annually. He lost the transcript of his 1975 trial in Cook County, the transcript consisting of at least 500 pages. He lost the transcripts of his post-conviction proceedings and the briefs and transcript of his post-conviction appeal, plus material pertaining to certain Federal actions, some apparently still pending.

He offered no proof as to what it would cost him to replace these documents, and the record fails to disclose that he actually has a need for them. The age and nature of the material supports the amount of $300.00 as fair and reasonable compensation for his loss.

It is therefore ordered, adjudged and decreed that Claimant be awarded three hundred ($300.00) dollars in full and complete satisfaction of this claim.