272

(No. 85-CC-0476—

GILBERT RIVERA, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed September 20, 1985.*

GILBERT RIVERA, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (JAMES TYSON, Assistant Attorney General, of counsel), for Respondent.

RAUCCI, J.

This is a claim brought by Gilbert Rivera, a resident of Stateville Correctional Center, for the theft of a chain and medallion from his locked room in the honor dormitory on June 25, 1983.

Respondent filed a detailed departmental report from which it can be concluded that an officer on duty in the dormitory control center, where keys to the inmates' rooms were kept, wrongfully permitted three inmates to enter the control center, one of whom took the key to Claimant's room, entered it and stole the chain and medallion.

One Lt. E. Lyles, who entered the control center and found the inmates there in violation of the prison rules, reported the alleged violation. A disciplinary hearing was held, but the hearing officer dismissed the charges because at the hearing the officer being charged denied that he had let any inmates into the control center. The hearing officer concluded that, with one

officer stating that there were inmates in the control center and the other officer denying it, he had no choice but to dismiss the charges.

On the basis of the documents in the departmental report it would be a reasonable finding of fact that staff negligence was the proximate cause of Claimant's loss.

However, it is impossible to place any dollar value on the items stolen. Claimant testified that the chain and medallion were gold, but he did not know how many karats. He testified that his mother bought them for him as a gift in 1970, but he did not know where she bought them. There is no proof of any kind that their purchase price in 1970 or their market value in 1985 was $1,350.00 for the medal and $150.00 for the chain as alleged in the complaint. There is no basis for coming up with a compromise figure. It cannot be said that they were worth $100 any more than it can be said they were worth $1500.00 as alleged in the complaint. For failure of proof of damages, it is therefore ordered that this claim be denied.