184

(No. 86-CC-0735—)

KENNETH JOHNSON, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed February 3, 1988.*

KENNETH JOHNSON, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (JAMES C. MAJOR, Assistant Attorney General, of counsel), for Respondent.

BURKE, J.

This cause coming to be heard upon the report of the Commissioner, after hearing before said Commissioner, and this Court being fully advised in the premises,

Finds that on April 30, 1985, Claimant, Kenneth Johnson, was an inmate at Menard Correctional Center when he was subject to a shakedown wherein his three gold chains were taken by a correctional officer.

The departmental report indicates Officer Arbeiter confiscated three gold chains from Claimant on April 30, 1985. Two gold chains held gold hearts and one was plain. The Department of Corrections considered the

property contraband and it was placed on a cart to go to the personal property office. No record reflected that the property was received. The property cart would not have been locked and was accessible to anyone in the gallery. Claimant was issued a receipt for the property.

Pursuant to Institutional Directive 05.03.111, the chains were contraband as they were not religious medals. The departmental report indicated Claimant had one gold chain when incarcerated and received two as gifts while at Pontiac. Claimant valued the chains at six hundred forty-five dollars and 0/100 ($645.00).

Where the record shows that property of a prisoner comes into the exclusive possession and control of Respondent, a bailment is created. (*Wilson v. State* (1982), 35 Ill. Ct. Cl. 135.) The evidence shows that Claimant's three gold chains were confiscated by prison guards of the Respondent. The State's argument on contraband was dispensed with in *Puckneth v. State* (1979), 33 Ill. Ct. Cl. 179, as the property in this case was not dangerous *per se* or did not present a health hazard. The three gold chains, if in fact they were contraband, were contraband by virtue of prison regulations, and the State had a duty to safeguard them. The State was negligent.

Claimant failed to establish proof as to the value of the property other than Claimant's opinion. Pursuant to the authority in *Wilson,* at 137, the Court must place a value on the three gold chains. Depreciation is given consideration in determining value. *Black v. State* (1981), 35 Ill. Ct. Cl. 292.

It is hereby ordered that an award of one hundred dollars and 0/100 ($100.00), is hereby entered in favor of Claimant, said award being in full and complete satisfaction of Claimant's complaint.