(No. 86-CC-3299- ▊▊▊▊▊▊▊)

ROBERT C. LINDSEY, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed February 22, 1989.*

*Order filed August 18, 1992.*

ROBERT C. LINDSEY, *pro se*, for Claimant.

NEIL F. HARTIGAN and ROLAND W. BURRIS, Attorneys General (KIMBERLY L. DAHLEN, Assistant Attorney General, of counsel), for Respondent.

## ORDER

BURKE, J.

This cause coming to be heard upon Claimant's petition for rehearing and the Court being fully advised in the premises,

It is hereby ordered that Claimant's petition is hereby denied.

## OPINION

BURKE, J.

This cause coming to be heard upon the report of the commissioner, after a hearing before said commissioner and this Court being fully advised in the premises,

Finds that on November 28, 1984, Claimant was ordered from his cell at Menard Penitentiary to the Menard health care unit. Upon arrival, he was advised that his personal property would be removed from his cell and transferred to the personal property office. When Claimant was released from the health care unit on December 28, 1984, certain of his personal property valued at $477.04 was missing.

The property missing was as follows:

a) Panasonic AM-FM radio, $29.51.

b) Panasonic cassette player, $31.74.

c) Panasonic color T.V., $303.75.

d) York AM-FM cassette player, $83.97.

e) Mura headphones, $16.85.

f) Mobolite desk lamp, $11.22.

The departmental report indicates that Claimant was admitted to the infirmary on December 5, 1984, at approximately 9:30 p.m. and released December 26, 1984. On December 22, 1984, Claimant signed an inmate personal property receipt which indicated, "I have received all of my personal property." A resident personal property inventory record for Claimant was also made out on December 22, 1984. The inventory did not list the radio, cassette player, color T.V. or lamp. Additionally, Claimant's original grievance listed a Royal 440 typewriter and no T.V., but in the Court of Claims, no claim is made for the typewriter and a claim is made for a missing color T.V.

The department's Rule 535.100(b) indicates that the shift commander should have inventoried and packed the property before his shift (11:00 p.m. on December 5, 1984) and stored same in a designated area. The inventory

by the cell officers was dated December 22, 1984, the same date Claimant's property was returned to him.

Claimant had little time to look over his property when it was returned. The boxes were taped and he thought the typewriter was missing, but found it in the T.V. box, hence the T.V. was missing. His initial grievance was filed quickly in an effort to retrieve his property if stolen. He had serial numbers for the property if it was recovered during a shakedown. Claimant returned to the property section where the officers claimed no responsibility since they did not pack the property.

In the present case under Rule 535.100(b), the State had a duty to accurately inventory the Claimant's property, pack it and store it before the end of the shift between 9:30 p.m. and 11:00 p.m. The State failed to do this on December 5, 1984. Claimant had a cellmate and believed the property stolen. Under the Court's reasoning in *Owens v. State* (1985), 38 Ill. Ct. Cl. 150, claimant cannot recover because there is no proof (other than for the radio) that the property ever came into the exclusive possession of the State. However, the present case can be distinguished based on the proof of the State's duty to inventory, package and store the property and the unreasonable delay of the State in taking 17 days to perform its duty. The State has admitted in its departmental report that it did not follow its own rules. Thus, it appears that under the State's duty, a constructive bailment was created. The interests of justice require that the State should have inventoried, packed and stored Claimant's property on December 5, 1984. (*Lewis v. State* (1985), 38 Ill. Ct. Cl. 254.) This also appears to be a case where the State can be held liable for the loss of an inmate's property notwithstanding the existence or nonexistence of a bailment relationship. To hold otherwise would be to condone

irresponsibility on the part of prison authorities. The failure to follow its own rules was negligent and led to the loss of Claimant's property. *Blount v. State* (1982), 35 Ill. Ct. Cl. 790.

The Claimant also has a duty to prove damages in order to prevail. (*Rivera v. State* (1985), 38 Ill. Ct. Cl. 272.) The age and nature of the property must be taken into consideration in making an award. (*Stephenson v. State* (1985), 37 Ill. Ct. Cl. 263.) Claimant gave adequate proof of having possession of the radio, two cassette players, the headphones and the lamp. He failed to present adequate proof in regards to the T.V., although given the opportunity to do so. The $11.22 lamp was approximately one year old. The $16.85 headphones were approximately two years old. The $31.74 cassette player was approximately one year old. The $83.98 cassette player was approximately one month old. The $29.51 radio was approximately 1½ years old. Each item having a five-year life; a reasonable figure for damages is $141.79. Therefore, it is ordered that an award of $141.79 is hereby entered in favor of Claimant, said award being in full and complete satisfaction of Claimant's complaint.