(No. 85-CC-0381– )

JOHNNIE VEAL, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed January 23, 1990.*

JOHNNIE VEAL, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (LANCE T. JONES, Assistant Attorney General, of counsel), for Respondent.

RAUCCI, J.

Claimant Johnnie Veal, an inmate of an Illinois penal institution, has brought this action to recover the value of certain items of personal property which he alleges were taken during his incarceration.

On May 26, 1984, Claimant, while being re-escorted from the inmates' dining room and to Claimant's assigned housing unit, was violently assaulted and beaten to the ground by several attacking inmates who

struck Claimant with iron pipes about the head and body area and attempted to stab him with homemade knives. Claimant was immediately escorted to the institution's hospital for medical treatment. After receiving treatment, Claimant was not allowed to return to his assigned housing unit, but was instead assigned to the control segregation unit of the institution. At no time on May 26, 1984, nor any time thereafter did the Claimant receive his personal property.

Claimant alleges that the items of property taken from him included one Sharp, black & white, 12″ television, one Panasonic radio, cosmetics, foods, clothing, miscellaneous items and photographs, all of which had a value of $487.50.

In *Arsbery v. State* (1978), 32 Ill. Ct. Cl. 127, a riot occurred in the cellhouse, rendering the cellhouse uninhabitable, and all of the prisoners were evacuated from the cellhouse and transferred to other locations within the institution. Arsbery's stereo had been extensively damaged during the time a work crew was brought in to make the cellhouse liveable again.

This Court stated that when Respondent removed the prisoners from Claimant's cellblock, it took exclusive possession of all property contained therein. *Arsbery*, at 129. The Court further stated that the loss or damage to bailed property while in the possession of the bailee raises a presumption of negligence which the bailee must rebut by evidence of due care. *Arsbery*. The effect of this rule is not to shift the ultimate burden of proof from the bailor to the bailee, but simply to shift the burden of proceeding or going forward with the evidence. *Arsbery*.

However, Claimant in this claim brings it for the conversion of his property by the State of Illinois.

Therefore, this case is dissimilar to the class of cases where an inmate, being transferred from one institution to another, surrenders his personal property to prison authorities so that it can be transferred from the old institution to the new. (*Jordan v. State* (1977), 32 Ill. Ct. Cl. 184.) In such cases there is a type of bailment, and proof of negligence on the part of the bailee is part of Claimant's case.

In *Jordan v. State*, prison authorities conducted a shakedown inspection of the cells in Claimant's cellblock. At the conclusion of the search, Claimant met the guard who had searched his cell coming downstairs with Claimant's radio in his arms. The guard said that Claimant could have his radio if he could produce a permit for it. However, by the time Claimant found his permit, his radio had already been hauled out of the building.

The Court in *Jordan* found an outright conversion of plaintiff's property. By taking the property from him and then failing to return it, Respondent was guilty of a conversion of his property:

"The gist of a conversion has been declared to be not the acquisition of the property by the wrongdoer, but the wrongful deprivation of a person of property to the possession of which he is entitled. A conversion consists of an act in derogation of the plaintiff's possessory rights, and any wrongful exercise or assumption of authority over another's goods, depriving him of the possession, permanently or for an indefinite time, is a conversion * * *" (53 Am. Jur. Trover and Conversion 822), citing *Jordan*, at 185.

A conversion has occurred of Claimant Johnnie Veal's personal property. Claimant has established the value of various items of his personal property at $487.50.

It is therefore ordered, adjudged and decreed that the Claimant be awarded the sum of $487.50 in full settlement of this claim.