(No. 91-CC-1857– 

WILLIAM HOLLAND, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed July 21, 1992.*

WILLIAM HOLLAND, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General ("KAY" CHRISTINE M. GIACOMINI, Assistant Attorney General, of counsel), for Respondent.

OPINION

MONTANA, C.J.

Claimant, William Holland, filed his complaint in the Court of Claims on January 2, 1991. The complaint seeks $3,700 in damages against the State. Claimant alleges that the State took possession of his personal property and did not return it.

The case was tried before the commissioner assigned to the case. The evidence consists of the transcript of tes-

timony taken August 29, 1991, Claimant's exhibits 1, 2, 3, 4, 5, 6; Respondent's exhibit 1; and the departmental report.

The Claimant filed his brief. The Respondent has failed to file a brief.

### The Facts

On or before October 18, 1989, Claimant was a prisoner in the Illinois Department of Corrections at the Pontiac Correctional Center. On October 18, 1989, Claimant was transferred to Hill Correctional Center in Galesburg, Illinois. Prior to the transfer, the State, through its agents, took exclusive possession of the Claimant's personal property and inventoried it. There were eight boxes. When Claimant arrived at Hill Correctional Center, certain personal property was not returned. The State only returned seven boxes. Additionally, on the bus used for the transfer, a guard took Claimant's gold wedding band and gave Claimant a confiscation slip for same.

Before Claimant left Pontiac, Officer Sullivan inventoried the Claimant's possessions. Claimant placed the inventory into evidence. The items that Claimant proved are missing are a trial court transcript, a post-conviction transcript, one dictionary, one blue Big Ben shirt, a pair of blue jeans, two hooded sweatshirts, scotch tape dispenser, two blankets, one sweatshirt, 20 hardcover books, and his wedding ring.

The wedding ring was a gift from his former wife in 1975. It came in a set that his former wife said cost about $900. He did not know the exact value of the ring. He never received it back from the State. The dictionary was an American Heritage College Second Edition dictionary. It was $11.95 new in June of 1986. The Big Ben shirt cost

$8 new in 1987. The two blankets were purchased at the Pontiac commissary for $9.95 each in 1986 or 1987. The blue jeans were Wrangler jeans and were purchased through the Lifer's organization in 1986. Claimant did not know the price. The two hooded sweatshirts came from the Jaycees. They cost $22 new. One of the lost transcripts was about 1000 pages. Claimant did not know how many pages were in the other transcript. The transcripts cost $1.80 per page. Claimant also did not receive about 18 hardcover books. He gave no value for the books. All of the property had been used by Claimant.

The departmental report shows the inventory for October 18, 1989, when Claimant left Pontiac and the inventory of October 19, 1989, when he arrived at Hill Correctional Center. The inventories acknowledge that two court transcripts, one dictionary, the sweatshirt, the hooded sweatshirts, the jeans, the Big Ben shirt, the blankets, some books and the wedding ring were not returned to Claimant. Claimant made a personal property grievance. A September 19, 1990, review letter indicates the State agreed the Claimant's personal property was not handled properly for his transfer from Pontiac to Galesburg. The State tried to pay Claimant $40 for the wedding band. The Claimant refused the $40 as inadequate.

### The Law

The State has a duty to exercise reasonable care to safeguard and return an inmate's property when that property is taken into the State's actual physical possession during transfer from one institution to another or when the institution issues a receipt for certain property. *Doubling v. State* (1976), 32 Ill. Ct. Cl. 1.

The loss or damage of bailed property while in the

possession of a bailee raises a presumption of negligence which the bailee must rebut by evidence of due care. *Moore v. State* (1980), 34 Ill. Ct. Cl. 114.

The facts in this case indicate clearly that the State took the property of Claimant, inventoried it, gave him a receipt for the wedding band, and did not return the property testified to. Clearly a presumption of negligence has arisen which the State has failed to rebut in any way, shape or form. The Claimant has proven the State was negligent by a preponderance of the evidence in not returning the personal property.

The issue of value is more difficult. The Claimant has the burden of proving his damages. Claimant has failed to establish proof as to the fair market value of his lost property, other than in some instances his opinion. Therefore, the Court must place a value on the lost property. (*Wilson v. State* (1982), 35 Ill. Ct. Cl. 135.) Depreciation is given consideration in determining value. (*Black v. State* (1981), 35 Ill. Ct. Cl. 292.) Therefore, the Court finds the following value for the property of Claimant lost by the State and finds same to be the fair market value based on the evidence.

(a) Transcript: The evidence is that one transcript was about 1000 pages and the size of the other transcript was not known. Claimant presented evidence that transcript reproduction costs are $1.80 per page or about $250 per day on the average. Transcripts do not depreciate. Respondent offered no evidence as to size of the transcripts or their value. Placing a value on this loss is very difficult. The court finds that the loss was worth $2,000 which is approximately 1000 pages and a day.

(b) Dictionary: $11.95

(c) Used Big Ben Shirt: $2.00

(d) Used Blue Jeans: $4.00

(e) Two used hooded sweatshirts: $6.00

(f) Two used blankets: $8.00

(g) Sweatshirt: No value.

(h) 18 used hardcover books: $13.50

(i) Wedding ring: $150.00

(j) Scotch tape dispenser: $1.00

It is hereby ordered that the Claimant be, and hereby is, awarded the sum of $2,196.45 in full and final satisfaction of this claim.