(No. 94-CC-0594–

ROOSEVELT CLAY, Claimant, *v.* THE STATE OF ILLINOIS, DEPARTMENT OF CORRECTIONS, Respondent.

*Order filed November 18, 1996.*
*Order filed July 7, 1997.*

ROOSEVELT CLAY, *pro se*, for Claimant.

JAMES E. RYAN, Attorney General (DIANN K. MARSALEK, Assistant Attorney General, of counsel), for Respondent.

## ORDER

MITCHELL, J.

Claimant brings this cause of action as an inmate of the Illinois Department of Corrections seeking compensation for items of personal property allegedly lost during a transfer between institutions.

The Claimant's complaint alleged that on March 30, 1993, he was transferred from Menard Correctional Center to Graham Correctional Center. The segregation unauthorized personal property receipt dated March 30, 1993, indicated one gold chain and star.

On June 8, 1993, Claimant was transferred from Graham Correctional Center segregation unit to the Joliet Correctional Center. The property inventory record dated June 8, 1993, indicated one gold chain and star.

Upon receipt of his property at the Joliet Correctional Center, Claimant discovered that the gold chain had not been received.

Claimant described the chain as a 24-inch long gold chain valued at $1,175 and the star as two inches thick, valued at $350 for a total claim of $1,525.

Claimant filed a grievance with the Administrative Review Board. The grievance was denied. The Review Board acknowledged that the property had apparently been lost in transit, but found that Claimant did not have authority to possess the items and concluded that reimbursement would be inappropriate.

On cross-examination Claimant admitted that he did not have a permit for the jewelry and acknowledged that policy dictated that a permit was required for jewelry valued in excess of $50. However, Claimant said that the policy is not enforced.

In essence, Claimant admitted that he did not have authority to possess the necklace. However, he contends that he should have been afforded the opportunity to authorize that the property be shipped home.

The Respondent offered their departmental report and did not produce any witnesses.

At the close of testimony, Claimant requested the opportunity to write a brief in support of his position. A briefing schedule was established, but briefs were never filed.

The law is clear. The burden rests upon the Claimant to prove by a preponderance of the evidence, that the missing property was, in fact, delivered to the agents of Respondent, that the Respondent did not utilize reasonable care to insure its return and the value of the property. (*Doubling v. State* (1976), 32 Ill. Ct. Cl. 1, 2.) Where Respondent inventories items and takes exclusive possession of them a bailment is created and where there is a subsequent loss of, or damage to, the bailed property

while in the bailee's possession a presumption of negligence is raised which the bailee must rebut by evidence of due care. *Veal v. State* (1990), 41 Ill. Ct. Cl 170, 171; *Arsburg v. State* (1978), 32 Ill. Ct. Cl. 127.

The undisputed facts establish Respondent was in exclusive possession of the Claimant's necklace as is evidenced by the personal property inventories and further that the items were never received by the destination institution. Claimant has raised the presumption of the State's negligence and the State did not present any evidence of due care to rebut the presumption.

The Court must conclude that the Respondent was negligent. However, the next issue is whether Claimant was entitled to possess the gold chain. Respondent established that Claimant was entitled to possess jewelry not exceeding $50 in value. Claimant admitted that he was aware of the policy. Clearly Respondent cannot be required to appraise or assess values on all of the personal property of the inmates. If, in fact, the necklace was valued in excess of $50, it was the burden of the Claimant to advise the Respondent of the high value of the item and obtain the required permit or authorize transport of the item. Claimant did neither.

Therefore, the Court must conclude the State's negligence. However, the Respondent's liability should not exceed the highest value of the item the Claimant was legitimately entitled to possess.

The Court awards Claimant $50.

## ORDER

MITCHELL, J.

This matter comes before the Court on Claimant's request for review dated January 15, 1997 and filed January

27, 1997. After having reviewed the "notice of appeal" as a request for review, the Court hereby denies said request and reiterates its order entered November 18, 1996 awarding the Claimant the amount of $50.