(No. 91-CC-0261–▮▮▮▮▮▮

BARNEY LONZO, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed August 28, 1997.*

KENNETH W. FLAXMAN, for Claimant.

JAMES E. RYAN, Attorney General (JENNIFER M. LINK, Assistant Attorney General, of counsel), for Respondent.

## OPINION

FREDERICK, J.

Claimant, Barney Lonzo, filed his complaint sounding in tort on July 26, 1990. Claimant alleges that $10,000 worth of his personal property was converted, lost and destroyed by Respondent. The cause was tried before Commissioner Fryzel.

## The Facts

In July of 1988, Claimant was at work for his employer, the City of Chicago, at the taxi cab inspection facility. Claimant owned a GMC van. In the van, Claimant had tools, a hot dog vending cart, a radio, and stereo. Claimant valued the tools at $1,091.44 which is the amount he paid for the tools. The van was valued by Claimant at $2,800 which is the amount he paid for the van. On October 19, 1987, Claimant put tires on the van which cost $460. The hot dog vending cart cost Claimant $2,500.

While at work in July of 1988, Claimant was arrested. There were five people involved in Claimant's arrest. Two of the people were in plain clothes and three were wearing Chicago Police Department uniforms. Claimant spoke with the two plain clothes officers who told Claimant they were from the Illinois Department of Corrections Apprehension Unit and that they were there to execute a warrant that had been issued by the Department of Corrections. Claimant was then taken into custody. The officers from the Department of Corrections would not allow Claimant to take his van or give his keys to a co-worker when he was taken into custody. One of the Department of Corrections officers took Claimant's keys and drove the van to the police station. That was the last time Claimant saw his van and the items of personal property that he had in the van.

Joe Kain, Claimant's stepfather, testified at the trial that he attempted to retrieve Claimant's van at the police station. Two of the men who were not in uniform but who were involved in Claimant's arrest told Mr. Kain that they were from a State agency and that he could not have the van. One of these men told Mr. Kain that they would hold the keys to the van and that Mr. Kain could not have the van while Claimant was in custody.

Two of the Claimant's former co-workers, Jesus Sanchez and Robert Dolatowski, testified that they saw men in plain clothes drive the van away after Claimant was arrested. When Claimant last saw his vehicle, it was parked in the Chicago police lot at the police station. Claimant did not sue the City of Chicago.

The departmental report indicates that Claimant was arrested by officers of the Chicago Police Department. Fugitive Apprehension Investigator, Greg Hannett, logged the warrant. The report indicates that it is the policy of the Department not to take control of personal property when arresting a fugitive with the Chicago Police Department. The apprehension investigation report indicates Claimant was arrested by the Chicago Police Department. The report indicates the arrest was made on July 27, 1988.

A City of Chicago towing notice dated June 14, 1989, indicates Claimant's vehicle was towed by the Chicago Police Department to the auto pound. Apparently the vehicle was destroyed although there is no evidence in the record to that effect. The only evidence presented was that Claimant never received his vehicle back. The towing notice, apparently sent to Claimant at a Chicago, Illinois, street address, indicates the vehicle would be sold for storage and towing charges.

The Respondent presented no testimonial evidence and the Respondent failed to file a brief. This is a very difficult case for the Court. The Court must decide the case based on the evidence. The Court cannot decide the case based on innuendo, argument not based on evidence, and guesswork. The only evidence before the Court was that an agent of Respondent took sole possession of the Claimant's personal property against the apprehension unit's policy not to take control of personal property.

The Claimant testified that the plain clothes State officers took the property and this testimony was corroborated by Claimant's witnesses. The Respondent presented no evidence in opposition. The State has a duty to safeguard an inmate's property through the use of reasonable care and a duty to return the property to the inmate. The loss of bailed property raises a presumption of negligence. (*Holland v. State* (1992), 45 Ill. Ct. Cl. 343.) In this case, it is undisputed in the evidence that the fugitive unit took control and possession of Claimant's property. A bailment was created and the Respondent failed to rebut the presumption of negligence. While the Respondent probably could have rebutted the presumption of negligence and proved what occurred to the vehicle, for reasons unknown to the Court, the Respondent failed to present any evidence upon which the Court could find the presumption rebutted. The Court of Claims is a real court. Rules of evidence are followed in this Court. An adversarial process requires that the Claimant and Respondent present their cases. The Court cannot, and will not, be anything but neutral in the process.

Based on the evidence before the Court, we find that Respondent is liable for the loss of Claimant's property.

The issue of damages is much more difficult. For some unknown reason, Claimant failed to bring receipts to Court to corroborate his testimony in regard to damages. The Claimant must prove his damages by a preponderance of the evidence in order to prevail. (*Rivera v. State* (1985), 38 Ill. Ct. Cl. 272.) The age and nature of the property must be taken into consideration in making an award. (*Stephenson v. State* (1985), 37 Ill. Ct. Cl. 263; *Lindsey v. State* (1993), 45 Ill. Ct. Cl. 121.) Claimant proved to the Court's satisfaction that he owned the van. His only proof as to value was that he purchased the van for $2,800 the

year before. Claimant presented no documents of proof as to the fair market value and ownership of the tools. His testimony indicated a purchase price figure of $1,091.44. Claimant testified that in October of 1987, he put $460 worth of tires on the van. However, Claimant failed to enter into evidence any receipts for the tires or testimony as to their fair market value on the date of loss. The hot dog cart also lacks a fair market value on the date of loss and proof of ownership. The amount of depreciation as to each item of property is also lacking from the evidence. However, rather than deny the claim, the Court will attempt to set fair damages for Claimant's loss which includes a reasonable amount for depreciation. We will award nothing for the alleged lost tools as there was no corroborating evidence as to the amount of tools in the van and the age of the tools. We will award Claimant $2,000 for the van and tires and $1,000 for the hot dog vending cart.

For the foregoing reasons, Claimant is awarded $3,000 in full and complete satisfaction of his claim.