(No. 97-CC-1063-)

LEE HOLDEN PARKER, Claimant, v. THE STATE OF ILLINOIS, Respondent.

*Opinion filed May 24, 2000.*

LEE HOLDEN PARKER, *pro se.*

JIM E. RYAN, Attorney General (DIANN K. MARSALEK, Assistant Attorney General, of counsel), for Respondent.

## OPINION

EPSTEIN, J.

Claimant, Lee Holden Parker, an inmate of the Illinois Department of Corrections (IDOC), brought this claim seeking $840 in damages for loss of property due to the negligence of IDOC.

This case is before us after trial before our Commissioner, Michael E. Fryzel, and is now before us on the complaint of Lee Holden Parker, the trial record, and the Commissioner's recommendation.

The Claimant testified that on April 17, 1985, while at Menard Correctional Center, he purchased a Smith-Corona electronic typewriter for $715. In August of 1990, the prison was on deadlock for reclassification of inmates. During that time, his typewriter was stored in the office of the prison's Catholic chaplain, since Parker was a volunteer clerk for Jewish services and used the typewriter there. Claimant filed a claim for a destroyed typewriter ($715), film tapes and correction tape packets ($95) and lost shipping and handling costs for mailroom rejection of two approved typewriters ($30).

With regard to the shipping charges, the record shows that approval for the typewriter was given after it was rejected the first time. The record also shows that Claimant was reimbursed for the delivery charges for the second mistakenly rejected delivery. Therefore, it appears that Parker has not been wrongfully charged for delivery.

This Court has held in *Lucien v. State* (1994), 47 Ill. Ct. Cl. 221, 225, 226, that in order for a party's costs to be

paid, a statute must authorize such payment. Costs include filing fees, witness fees, deposition fees and expenses. Items such as copying and postage are not costs, as they are not authorized by statute to be paid. The State of Illinois is liable for costs only if the statute awarding the costs specifically and clearly names the State of Illinois as liable for those costs. (*I & D Pharmacy, Inc. v. State* (1984), 37 Ill. Ct. Cl. 7, 42; *Cayman Associates Ltd. v. State* (1980), 33 Ill. Ct. Cl. 301.) The general statute (section 5—108 of the Code of Civil Procedure) that allows the awarding of costs to plaintiffs who recover damages does not name the State of Illinois as being subject to the payment of costs under that statute. (735 ILCS 5/5—108.) Thus costs are not recoverable in the present claims.

With regard to the typewriter, the Claimant provided undisputed evidence that the typewriter was locked in a room at the prison, the prisoners were on lockdown and, therefore not able to enter the room. Furthermore, the prison guards had possession of the typewriter and damaged it while conducting a shakedown for weapons.

The Court has held in *Clay v. State* (1997), 50 Ill. Ct. Cl. 332, 334, 335, that the burden rests upon the Claimant to prove, by a preponderance of evidence, that the Respondent did not utilize reasonable care to insure its return and the value of the property. (*Doubling v. State* (1976), 32 Ill. Ct. Cl. 1, 2.) Where Respondent inventories items and takes exclusive possession of them, a bailment is created and, where there is subsequent loss of, or damage to, the bailed property while in the bailee's possession a presumption of negligence is raised which the bailee must rebut by evidence of due care. *Veal v. State* (1990), 41 Ill. Ct. Cl. 170, 171; *Arsburg v. State* (1978), 32 Ill. Ct. Cl. 127.

The Claimant did fulfill his duty to provide proof of damages in order to prevail as set forth in *Rivera v. State* (1985), 38 Ill. Ct. Cl. 272. One must take into consideration the age and nature of the property in making an award. (*Stephenson v. State* (1985), 37 Ill. Ct. Cl. 263.) Giving an average life of ten years to the typewriter, and considering that the typewriter was damaged five years after purchase and the accelerated depreciation ordinarily suffered by office equipment upon its initial use, we conclude that Claimant is entitled to an award of 33 percent of the $715 purchase price or $234.30.

## Conclusion

For the reasons set forth above, the Court finds liability against the Respondent and Claimant Lee Holden Parker is awarded a total sum of $234.30 in full and complete satisfaction of this claim.